LORENZ V. ANDERSON

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-030-CV

RENEE LORENZ APPELLANT

V.

GARY ANDERSON APPELLEE

------------

FROM THE 17
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In two issues appellant Renee Lorenz challenges the jury’s verdict of no damages and the trial court’s failure to grant her a judgment notwithstanding the no damages verdict.  We affirm.

Background

Appellant filed suit against appellee Gary Anderson to recover from the injuries she allegedly sustained as a result of a motor vehicle accident.  Both she and appellee sustained injuries and their cars were damaged as well.  The  jury answered favorably that appellee’s negligence caused the collision.  However, it awarded appellant no damages and the trial court denied her motion to disregard the no damages answer as well as her motion for judgment notwithstanding the verdict and her motion for new trial.

Analysis

Liability was virtually uncontested in this motor vehicle accident case.  Appellee admitted he struck appellant’s vehicle from behind.  Appellant challenges the jury’s failure to find damages on her behalf in her first issue.  In her second issue, she challenges the trial court’s failure to grant her motion to disregard jury answer, her motion for JNOV, and her motion for new trial.  We will address them in turn.

In applying the appropriate standard of review, we conclude there was factually sufficient evidence to uphold the jury’s determination of no damages.
(footnote: 2)  While appellant is correct that appellee did not present its own expert opinion on the cause, effect, and duration of appellant’s injuries, appellee cross-examined her experts, doing substantial damage to their testimony.  For example, during the cross-examination of Dr. West, he testified that the strain and sprains were not permanent, but that the disc herniations were permanent. More importantly, he testified that he had never seen a radiologist’s MRI evaluation be so tentative, stating he could not have been “more vague as to whether there is or is not an injury there.”  This created a fact issue for the jury to resolve regarding injury and causation.  To reverse on an issue on which appellant had the burden of proof at trial, we must conclude that the finding is so against the great weight and preponderance as to be manifestly unjust, why it shocks the conscience, or why it clearly demonstrates bias.  
Tarrant County v. Denton County
, 87 S.W.3d 159, 168-69 (Tex. App.—Fort Worth 2002, pet. filed) (op. on reh’g); 
Pool
, 715 S.W.2d at 635.  This we cannot do.  Appellant’s first issue is overruled.

In appellant’s second issue, she challenges the legal sufficiency of the evidence regarding the jury’s no damage award by asserting trial court error in denying her motion for JNOV or motion for new trial.  By applying the appropriate standard of review, we conclude the trial court did not err in denying her motions.
(footnote: 3)  To overcome this hurdle, she would have to show that her damages were established as a matter of law.  
Miga, 
25 S.W.3d at 375.  Because there was conflicting testimony and a review of the evidence supports the finding, we cannot say the jury’s verdict was legally insufficient.  Appellant’s second issue is overruled.

Having overruled both of appellant’s issues on appeal, we affirm the judgment below.

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

[DELIVERED FEBRUARY 13, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
Ames v. Ames,
 776 S.W.2d 154, 158-59 (Tex. 1989), 
cert. denied
, 494 U.S. 1080 (1990); 
Pool v. Ford Motor Co.,
 715 S.W.2d 629, 633 (Tex. 1986) (op. on reh'g).

3:
Brown v. Bank of Galveston,
 963 S.W.2d 511, 513 (Tex. 1998); 
see also 
Tex. R. Civ. P. 
301;
 Miga v. Jensen, 
25 S.W.3d 370, 375 (Tex. App.—Fort Worth 2000, no pet.).